IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

AUSTIN HILL                                                                             PLAINTIFF

v.                              Civil No. 6:15-CV-06040-PKH-MEF

SHERIFF DAVID NORWOOD and JAIL                     DEFENDANTS
ADMINISTRATOR NATHAN GREELEY

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed by Plaintiff, Austin Hill, pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated in the Arkansas Department of Corrections ("ADC"), Varner Unit. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable P. K. Holmes, III, Chief United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before me is Defendants' Motion for Summary Judgment. (Doc. 21) After careful consideration, the undersigned makes the following Report and Recommendation.

**I. BACKGROUND**

Plaintiff filed his unsigned Complaint April 29, 2015. (Doc. 1) The Court directed him to sign and return his Complaint (Doc. 3), which he did on May 7, 2015. (Doc. 6) Plaintiff's Complaint centers on his time spent in the Ouachita County Detention Center (OCDC). Plaintiff alleges he was exposed to tuberculosis by being housed with inmate Philip Brown in B pod. He alleges there are no tuberculosis lights in B Pod or in OCDC. He further alleges had not been given a shot or checked for tuberculosis at all. Plaintiff feels his life has been placed in danger. (Doc. 6, p. 11)

Plaintiff alleges he was exposed to Staphylococcus between February 5, 2015 and February 8, 2015. He alleges inmate Blake Barner had an infection in his leg and was housed within B pod during this time. (Doc. 6, p. 11)

Plaintiff proceeds against both Defendants in their personal capacity. (Doc. 6, pp. 3-5) He alleges Norwood is the Sheriff and has first-hand knowledge of all actions taking place at the jail. (Doc. 6, p. 3) He alleges Greeley is the jail administrator, and that he has not responded to any of Plaintiff's grievances. (Doc. 6, pp. 4-5)

Plaintiff seeks compensatory damages of $200,000 for pain, suffering and ill-treatment, appointment of an attorney, and a full investigation into the Ouachita County Jail. (Doc. 6, p. 13)

Defendants filed their Summary Judgment Motion on June 10, 2016. (Doc. 21) A Summary Judgment hearing was held on July 26, 2016, to permit Plaintiff to respond orally to the Motion. (Doc. 27) Plaintiff appeared via video conference.

Plaintiff testified he filed a grievance form concerning his claims, but he does not know what happened to it. He testified he had explained this on his Complaint form. On the form, Plaintiff had written that there is no grievance procedure at OCDC. He further stated if an inmate files a grievance no copy is given to the inmate, and no number is assigned so that it may be traced. When questioned further, Plaintiff testified he filed his grievance sometime in July 2015.

Plaintiff further testified he did not know if he contracted anything, but he never got sick. When he went to the ADC he was not tested or treated for anything.

## II.  LEGAL STANDARD

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399, 401 (8th Cir. 1995). The moving party has the burden of showing the absence of a genuine issue of material fact and that they are entitled to judgment as a matter of law, but the non-moving party may not rest upon mere denials or allegations in the pleadings and must set forth specific facts to raise a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). The Court must view all evidence and inferences in a light most favorable to the nonmoving party. *See McCleary v. ReliaStar Life Ins. Co.,* 682 F.3d 1116, 1119 (8th Cir. 2012). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III. DISCUSSION

Based on Plaintiff's own testimony, Plaintiff failed to exhaust his administrative remedies prior to filing this Complaint.

The Prison Litigation Reform Act ("PLRA"), mandates exhaustion of available administrative remedies before and inmate files suit. Section 1997e(a) of the PLRA provides: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S. C. § 1997e(a).

In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court concluded that "exhaustion [as required by the PLRA] is not *per se* inadequate simply because an individual later sued was not

named in the grievances." *Id.* at 219. "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules." *Id.* at 218 (internal quotation marks and citation omitted). The Court stated that the "level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.*

In this case, Defendants note there is no record of a grievance filed by Plaintiff regarding tuberculosis or staphylococcus, although there is another grievance in his file. (Doc. 22, p. 3) Further, Plaintiff testified at his hearing that he filed his grievance about the tuberculosis and staphylococcus in July 2015. As Plaintiff filed his unsigned Complaint on April 29, 2015, and his signed Complaint on May 7, 2015, he failed to exhaust his administrative remedies prior to filing this lawsuit.

Further, Plaintiff's allegations concerning the illnesses he was exposed to are blatantly contradicted by the record. Defendants supplied the jail record for Inmate Brown, and both jail and medical records for Inmate Barner. Inmate Brown did not have tuberculosis. (Doc. 26-1, pp. 1-6) Inmate Barner had an abscess in his leg, but there is no notation of staphylococcus, antibiotic-resistant staphylococcus, or any other infection control concern. The treatment recommendation from the free-world medical facility for Barner was soap and water, Neosporin ointment, and a Band-Aid. (Doc. 26-1, pp. 7-17) Thus, neither the diagnosis nor the treatment recommendation reflects the existence of an antibiotic-resistant Staphylococcus infection or any other serious infectious disease.

Because Plaintiff could provide no genuine dispute as to any material fact, Defendants are

entitled to judgment as a matter of law.

## IV.  CONCLUSION

For the foregoing reasons, I recommend Defendants' Motion for Summary Judgment (Doc. 21) be **GRANTED**, and that Plaintiff's Complaint be dismissed against all remaining parties with prejudice.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 17th day of January, 2017.**

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE